Wood, Judge.
The plaintiff argues that an issue having been submitted to the jury, it was error for the court, during the progress of the trial, to decide that the action was not sustainable; and nonsuit the plaintiff; or, in other words, as .the objection to a recovery was apparent on the face of the declaration, advantage could only be taken of such objection by demurrer, or after verdict, by motion in arrest of -judgment.
We think otherwise. Such a practice, if sanctioned no where else, is almost the necessary consequence of our system. It frequently saves a wasteful consumption of time, which would be occupied in fruitless litigation, and prevent the disposition of other business. It will be found, however, that such a practice is sanctioned by high authority. Lord Ellenborough once said, at Nisi Prius : “ In many cases where it is clear the action will not lie, although the objection appears in the record, and might be taken advantage of by motion in arrest of judgment, or by writ of error, judges are in the habit of directing a nonsuit.” Sadler v. Robbins, 1 Camp. 256. And this opinion was unanimously sustained by the King’s Bench. It has also *42 been the practice of this court, and no injustice has been found to result from it. Slipher v. Fisher et al., 11 Ohio, 299.
An important inquiry, however, remains: Did the Common Pleas err in deciding that the magistrate had no jurisdiction over the constable for making a false return on mesne process ?
This depends on the correct construction of the 116th section of the act entitled “ an act defining the powers and duties of justices of the peace and constables in civil cases,” passed March 3, 1834; Swan’s Stat. 531. The section is in these words : “ That in all cases when any constable within this state shall fail to make return, as is provided in the act to which this is an amendment, or shall make a false return, or refuse to pay over money,” etc., “it shall be lawful for 42] any * justice of the peace in the township where said delinquent constable may reside, on being satisfied thereof, on application of any person or persons aggrieved thereby, his, her or their agent or attorney, to forthwith issue a scire facias against said constable, directed to any responsible individual who may be named by said justice, and who will consent to serve the same, commanding said constable to appear before said justice, to show cause why an execution shall not issue against him; and if the constable neglects to appear within five days from the time of serving said writ, or does not show proper cause why execution should not issue against him, then, and in that case, the justice shall enter judgment against said constable for the amount of the damages sustained, with costs, and ten per cent, penalty; on which judgment there shall be no stay of execution; and the justice shall, forthwith, issue execution for the amount of such judgment,” etc.
Is not the language of this section sufficiently broad to give the justice jurisdiction over a constable for a false return on mesne process ? and, also, to confer that jurisdiction by scire facias ? The terms of the act are general — “ or shall make a false return” — without defining whether upon mesne or final process, and without reference to the provisions of the act to which this is amendatory. It, therefore, appears to us a false return, on either, is within the statute. The pro-coeding by scire facias, it is true, may be considered as novel, against an officer for a false return, for the writ of scire facias, at common law, lies only on matter of record; but it is within the power of the legislature to modify the common law, and prescribe the forms of process and the mode of redress for any injury. By this enactment it was, probably, the intention of the Legislature to simplify the remedy against constables for malfeasance, or nonfeasance, in office — ■ *43 to give speedy relief by subjecting them to the jurisdiction of justices, and to punish their delinquency by the addition of a ten per centum penalty on the damages, when liquidated, and sustained by their malfeasance or nonfeasance, and by prohibiting the stay of execution on judgments for such causes against them.
We are, therefore, of opinion that the court of Common Pleas [43 erred in deciding the justice had no jurisdiction over a constable for such false return, on mesne process, and in directing a nonsuit
Judgment reversed, and cause remanded.