The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: What is the effect of transfers to the Stephens County Courthouse Building Fund Commission by the Court Clerk of Stephens County of excess monies in the court fund after 1968? In 1961 the Stephens County Courthouse Building Fund Commission (Commission) was created by statute. 19 O.S. 771 [19-771] (1971). The Commission, pursuant to 19 O.S. 775 [19-775] (1971), established the Stephens County Courthouse Building Trust in 1964. However, this Trust did not exercise its authority to issue bonds for the construction of a new courthouse. Instead, a one million dollar general obligation bond was issued by the Board of County Commissioners of Stephens County in 1966. The proceeds from the sale of these bonds and from the sale of the old courthouse property were used to construct a new courthouse and were then applied towards retirement of the bonds. In addition, excess monies contained in the Stephens County Court Fund were transferred to the credit of the Commission pursuant to 19 O.S. 772 [19-772] (1971) and have been used to retire these bonds. The monies currently on deposit to the credit of the Commission total $731,213.47 while outstanding principal and interest on the bonds, which are due to be retired in 1981, total $466,275.65. It appears that the Court Clerk continues to transfer all excess monies from the Court Fund to the Commission fund. Prior to 1961, the County Commissioners, in order to establish new courthouse buildings, were authorized to use that part of the "sinking fund of the county derived from penalties, interest and forfeitures accrued or to accrue. . ." 19 O.S. 740 [19-740] (1971). This policy was continued after enactment of the County Courthouse Building Fund Commission statutes. See 19 O.S. 771 [19-771] — 19 O.S. 774 [19-774] (1971) which provide for treatment of excess court funds. However, the handling of court funds was substantially revised in 1968. Title 20 O.S. 1301 [20-1301] (1971) defines "The Court Fund" as "all fees, fines and forfeitures . . . collected by the court clerk. . ." Consequently, the monies once transferred to the Commission from excess court funds were, thereafter, regulated by new statutes. Nonetheless, to avoid default of bonds such as those issued by Stephens County for the construction of the courthouse, the Legislature provided in 20 O.S. 1304 [20-1304](b) of that payment of principal and interest on courthouse construction bonds issued prior to January 1, 1968 were authorized expenditures to be made from "The Court Fund." At the same time 20 O.S. 1301 [20-1301] and 20 O.S. 1304 [20-1304] [20-1304] (1971) were enacted, the Legislature repealed 19 O.S. 772 [19-772] and 19 O.S. 773 [19-773] (1963) which had authorized the transfer of excess court funds. Consequently after May 17, 1968, the effective date of the repeal of 19 O.S. 772 [19-772] and 19 O.S. 773 [19-773], the court clerk was without legal authority to transfer "excess" funds to the credit of the Commission. Further, after May 17, 1968, which, not by coincidence, was the effective date of 20 O.S. 1307 [20-1307] and 20 O.S. 1308 [20-1308] [20-1308] (1971), the court clerk was under a mandatory duty to transfer such excess funds to the State Judicial Fund: "At the time that he makes the report required by 1307 of this title, the court clerk must . . . transmit or deposit in the State Judicial Fund the amount by which the receipts deposited in the court fund . . . exceeds the expenses. . ." (20 O.S. 1308 [20-1308] (1975)). In addition, 12 O.S. 35 [12-35] (1971) provides, in part, as follows: "The clerks of each of the courts shall exercise the powers and perform the duties imposed upon him by the statutes of this state and by the common law." (See also 19 O.S. 221 [19-221] (1971).) The Attorney General notes that 20 O.S. 1307 [20-1307] and 20 O.S. 1308 [20-1308] have been amended on several occasions, however, the amendments have been minor and have not affected the duty of the court clerk to transfer excess court funds to the State Judicial Fund which was imposed by the 1968 version of these statutes. Therefore, it is the opinion of the Attorney General that any transfers of "excess court funds" by the court clerk to the credit of the Stephens County Courthouse Building Fund Commission and not to the State Judicial Fund after May 17, 1968 are void and were made without legal authority. (JOHN FISCHER) (ksg) ** SEE: OPINION NO. 79-335 (1979) **